MILTON VERMILLION, APPELLANT, v. THE JUSTICE COURT OF SPARKS TOWNSHIP, COUNTY OF WASHOE, STATE OF NEVADA, AND HARRY Z. GUERIN, JUSTICE OF THE PEACE OF SAID COURT, RESPONDENTS.

No. 3997

October 23, 1957                               316 P.2d 928

*Howard E. Browne,* of Reno, for Appellant.

*Stewart & Horton,* of Reno, for Respondents.

## O P I N I O N

By the Court, MERRILL, J.:

This is an appeal from judgment of the Washoe County District Court denying writ of certiorari. Appellant sought to secure a writ directed to respondent justice of the peace contending that respondent had proceeded without jurisdiction to render judgment against appellant. The basis for appellant's contention of lack of jurisdiction was that the action against appellant had been brought in the wrong township. We have concluded that under applicable law this did not deprive the justice of the peace of jurisdiction.

The action was commenced in Sparks Township, Washoe County, to recover a debt incurred for professional services. The defendant (appellant here) resided in Lyon County, Nevada, the debt was incurred there and defendant was served with process there. He did not voluntarily appear and judgment against him was entered upon his default.

Rule 4(h) of the Justices' Courts Rules provides as follows: "The summons may be served out of the county in which the action is brought."

Section 66.010 NRS provides as follows: "Actions in justices' courts must be commenced, and, subject to the right to change the place of trial as provided in this chapter, must be tried: * * * 7. When a person has contracted to perform an obligation at a particular place, and resides in another county, township or city, in the township or city in which such obligation is to be performed, or in which he resides; and the township or city in which the obligation is incurred shall be deemed to be the township or city in which it is to be performed, unless there is a special contract to the contrary.

"8. When the parties voluntarily appear and plead without summons, in any township or city in the state.

"9. In all other cases, in the township or city in which the defendant resides."

It would appear under this section that, while personal jurisdiction over the defendant had been obtained, the action properly should have been brought in the proper township in Lyon County rather than in Sparks Township, Washoe County.

That this defect is not jurisdictional, but rather is one of venue which the defendant can waive, clearly appears from Rule 38 of the Justices' Courts Rules. This rule reads "Judgment that the action be dismissed, without prejudice to a new action, may be entered with costs in the following cases: * * * 4. When it is objected at the trial, and appears by the evidence, that the action is brought in the wrong county, township or city; but if the objection is taken and overruled, it is cause only of reversal on appeal and does not otherwise invalidate the judgment; if not taken at the trial, it is waived."

These citations of the law call for some explanation lest it appear that we have, by rule, enlarged the jurisdiction of justices' courts as fixed by statute.

Under the rule-making power of this court, NRS 2.120, all statutes regulating civil procedure in effect July 1, 1951, were deemed to be rules of court. An independent body of procedural rules applicable to justices' courts, comparable to NRCP, has not yet been prepared

although the subject is under study by a committee of attorneys appointed by this court. In the meantime, faced with the imminent publication of NRS and the legislative reenactment of all statute law (accomplished January 25, 1957, ch. 2, 1957 Stats. Nev.), it was felt advisable last year to make at least a start upon the work of removing from the area of statute law such provisions as should now be covered by rule.

This "start" is to be found in our "Justices' Courts Rules" now published and incorporated in all sets of NRS immediately following Title 6 ("Justices' Courts and Civil Procedure Therein") and, by recent court order formally promulgated as rules of court as of November 1, 1957. These rules, however, are of statutory origin. A glance at the source notes, both of the sections of Title 6 and of the rules, will show that, in general (and specifically as to the three citations here involved) all have the same statutory source: the Civil Practice Act of 1911. Certain procedural provisions appearing in NCL as statute law were, by our action, simply segregated as rules of court and thus withheld from legislative reenactment as a part of NRS. Having been withheld from legislative reenactment and since they were procedural statute law on July 1, 1951 these provisions were then, and are now, and until amendment by our action shall continue to be, deemed to be rules of court without necessity for formal promulgation. The mechanical problems involved in the continuing program of separating that which should be rule from that which should remain statute cannot be permitted to obscure the obvious fact that the rules here involved have, since 1911, existed side by side with the sections of Title 6 and that the latter must continue to be read and construed in context with the former.

Judgment affirmed.

BADT, C. J., and EATHER, J., concur.